UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUISA MARIA RODRIGUEZ,

                            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

No. 22-CV-3062 (KMK)

ORDER ADOPTING REPORT & RECOMMENDATION

---

Appearances:

Daniel Berger, Esq.
NY Disability, LLC
Bronx, NY
*Counsel for Plaintiff*

Joseph Anthony Pantoja
Office of the U.S. Attorney
New York, NY
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

      Luisa Maria Rodriguez ("Plaintiff") brings this Action pursuant to 42 U.S.C. § 405(g) seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant"), who denied her application for disability insurance benefits and supplemental security income benefits. (Compl. (Dkt. No. 1).) On December 27, 2022, Plaintiff filed a Motion for Judgment on the Pleadings. (Mot. (Dkt. No. 20); Mem. of Law in Supp. of Mot. (Dkt. No. 21).) The Commissioner responded with a Cross Motion for Judgment on the Pleadings on February 27, 2023. (Cross Mot. (Dkt. No. 22); Mem. of Law in Supp. of Mot. (Dkt. No. 23).) Plaintiff filed her Reply on March 16, 2023. (Dkt. No. 24.) The next day,

the case was referred to Magistrate Judge Gary R. Jones.  (*See* Dkt. (notice of reassignment and referral to another magistrate judge).)[1]

On May 1, 2023, Judge Jones issued a thorough Report and Recommendation ("R&R") recommending that the Court grant Plaintiff's Motion and deny the Commissioner Motion. (Report & Recommendation 2 (Dkt. No. 25).)  The Commissioner timely filed an objection to the R&R on May 14, 2023.  (*See* Def's Obj. to R&R ("Def's Obj.") (Dkt. No. 26).)  Plaintiff filed a response on May 30, 2023.  (Pl's Resp. to Def's Obj. ("Pl's Resp.") (Dkt. No. 27).)

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-7300, 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (same).  Under § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  When a party submits timely and specific objections to a report and recommendation, the district court reviews de novo the parts of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Bradley*, 2015 WL 1069307, at *1.  Further, the district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also*

---

[1] This case was initially assigned to Magistrate Judge Judith C. McCarthy, but was subsequently reassigned to Judge Jones.  (*See generally* Dkt.)

*Alverio v. Colvin*, No. 13-CV-4722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the [r]eport [and recommendation], the [c]ourt may adopt [it] if there is no clear error on the face of the record." (quotation marks omitted)).

To start, it is helpful to clarify what the Commissioner does *not* object to. She does not challenge the R&R's finding that there were "legal errors [in] the Commissioner's final decision," (Def's Obj. 2), nor does she object to the finding that the decision "was otherwise not supported by substantial evidence," (*id*.; *see also* R&R 8–23). Encompassed in those concessions are: (1) findings that the ALJ's residual functional capacity ("RFC") determination—i.e. the determination that Plaintiff could perform "light work"—contained "material errors" with respect to "Plaintiff's physical limitations," (R&R 15); (2) a finding that the ALJ failed "to explain how [Plaintiff's] limited activities translated into the ability to meet the physical demands of light work" (*id*. at 23; *see also id*. at 21–22); (3) that the record "does not document any sustained childcare 'duties'" (*id*. at 12)—a factor on which "the ALJ placed great significance" in concluding Plaintiff could perform work available in the national economy, (*see id*.); and (4) that the ALJ erroneously concluded that "Plaintiff's subjective statements" regarding "her physical pain and limitations" were "not entirely credible," (*id*. at 22). Because the Commissioner does not object to these portions of the R&R, the Court reviews them "only for clear error on the face of the record." *Brennan v. Colvin*, No. 13-CV-6338, 2015 WL 1402204, at *1 (S.D.N.Y. Mar. 25, 2015) (citation omitted); *see also Iannolo v. Astrue*, No. 10-CV-7602, 2012 WL 523619, at *1 (S.D.N.Y. Feb. 16, 2012) (same). Finding no such error, the Court adopts pages 8 to 23 of the R&R in full.

Although the Commissioner does not challenge the bulk of the R&R, she does object to its remand determination. (Def's Obj. 5–9.) In her view, even if all the above findings hold,

3

"remand for further administrative proceedings, rather than a remand for a calculation of benefits, is the appropriate remedy." (*Id.* at 5.) As this objection is "specific" and "timely," the Court reviews the R&R's remand decision de novo.

In general, it "is within the Court's discretion to decide whether to remand for further proceedings or solely for the calculation of benefits." *Staib v. Colvin*, 254 F. Supp. 3d 405, 407 (E.D.N.Y. 2017) (citing *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004)); *see also* 42 U.S.C. § 405(g) (sentence four). The latter remedy is appropriate where, for example, "the record [] provides 'persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose.'" *Demars v. Comm'r of Soc. Sec.*, 841 F. App'x 258, 263 (2d Cir. 2021) (summary order) (quoting *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980)). The Second Circuit has held, however, that "where the administrative record contains gaps," courts should "remand to the Commissioner for further development of the evidence." *Staib*, 254 F. Supp. 3d at 407 (quoting *Butts*, 388 F.3d at 385). In other words, further proceedings are "particularly appropriate" where they would "plainly help to assure the proper disposition of [Plaintiff's] claim." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (citation omitted).

The Court concludes that the record, coupled with the unchallenged portions of the R&R, supports remand for calculation of benefits. As an initial matter, the record is, by all accounts, complete. Neither the Commissioner nor Plaintiff suggests there are any issues that require additional fact development. (*See generally* Def's Obj.; Pl's Resp.) And for that reason alone, there is no "particular[]" need for further proceedings. *See Rosa*, 168 F.3d at 72. The unchallenged (and adopted) portions for the R&R, moreover, undermine any argument that the record lacks persuasive evidence of a disability. Indeed, even the ALJ determined that Plaintiff had "severe impairments" that prevented her from performing "her past . . . work as a fast-food

4

worker." (R&R 3–4; *see also* R. 594–95, 604 (Dkt. No. 11-2)().) The ALJ, moreover, failed to properly weigh testimony from Plaintiff that she could lift no more than a gallon of water, (R. 624), could neither sit nor stand for prolonged periods of time, (R. 623–24), and needed help with her activities of daily living, (R&R 22; *see also* R&R 22–23 (explaining this evidence of Plaintiff's disability was "supported by objective evidence, including . . . the treatment record [and] imaging studies")). Those impairments provided substantial evidence in favor of a disability determination, but the ALJ nevertheless found that Plaintiff could perform certain "light work" available in the national economy. *See Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014) (outlining five-step disability determination) (citing 20 C.F.R. §§ 404.1520, 416.920). (*See also* R. 598–605.) Because the Commissioner effectively concedes that the "light work" determination was erroneous, (*see* Def's Obj. 2), the record, viewed through the lens of the adopted portions of the R&R, contains "persuasive proof of [Plaintiff's] disability." *See Parker*, 626 F.2d at 235.

Appearing to recognize these problems, the Commissioner argues remand may still be appropriate to consider "conflicting evidence" in the record. (Def's Obj. 5–8.) The authority cited to support this proposition, however, falls well wide of the mark. (*See id.* at 5 (citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) and *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012)). *Richardson* simply states that, as a general matter, "[t]he trier of fact has the duty" to resolve "conflicting medical evidence" in the first instance, 402 U.S. at 399, and *Cage* explains that courts generally "defer to the Commissioner's resolution of" such evidence, 692 F.3d at 122. But neither case discusses what to do *after* the Commissioner examines conflicting evidence but is found to have erred. In that event, Second Circuit caselaw is clear

that a district court may, in its discretion, remand for calculation of benefits where there are no more "gaps" or outstanding evidentiary issues left to resolve. *See Parker*, 626 F.2d at 235.[2]

Any remaining purpose of further proceedings is belied by this case's procedural history. The Parties already stipulated to one remand for further evidentiary proceedings, after which the Commissioner, through ALJ Feuer "issued an unfavorable decision" to Plaintiff. (*See* R. 578, 659.) The Court sees no reason to send the Parties back for a third rodeo.

Given "the Commissioner's failure to sustain her burden to show that [P]laintiff can engage in [light work]," and Plaintiff's persuasive evidence of her disability, "no purpose would be served by [] remanding the case for rehearing." *Hughes v. Comm'r of Soc. Sec.*, No. 20-CV-1609, 2021 WL 2716642, at *1 (E.D.N.Y. July 1, 2021) (third alteration in original) (quoting *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983)); *see also Staib*, 254 F. Supp. 3d at 407 ("Where an 'ALJ reach[es] a mistaken conclusion on an otherwise complete record,' remand solely for calculation of benefits is appropriate." (alteration in original) (quoting *Rosa*, 168 F.3d at 83)); *Basezler v. Comm'r of Soc. Sec.*, No. 21-CV-1511, 2022 WL 2819094, at *1–2 (E.D.N.Y. July 19, 2022) (remanding for calculation of benefits where the plaintiff "provided substantial evidence of his disability" and the ALJ "fail[ed] to support th[e] conclusion" that "the plaintiff is capable of medium work").

Accordingly, the Court adopts Judge Jones's R&R, grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings, and

---

[2] The Commissioner also takes issue with Judge Jones's reference to the fact that "Plaintiff applied for benefits more than six-and-a-half years ago." (Def's Obj. 7.) While the Commissioner correctly notes that "delay alone is an insufficient basis on which to remand for [calculation of] benefits," she does not argue that the R&R's remand decision erred on that basis. *See Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996). (*See also* Def's Obj. 7–8.) And regardless, a court does not err if it merely "consider[s]" the "hardship to a claimant of further delay" as a part of its remand decision. *Butts*, 388 F.3d at 387.

remands the case for calculation of benefits. The Clerk of Court is respectfully directed to terminate the pending motions, (Dkt. Nos. 20, 22), and to close the case.

SO ORDERED.

Dated:   September 29, 2023
         White Plains, New York

                                          KENNETH M. KARAS
                                          United States District Judge